Opinion issued August 4, 2026



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-26-00742-CV

————————————

**CLARENCE DAVIS, Appellant**

**V.**

**THE PARK AT LEYTON, Appellee**

On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1280513

## MEMORANDUM OPINION ON MOTION TO REVIEW SUPERSEDEAS BOND

This is an appeal from a judgment granting possession of premises to appellee in a forcible detainer suit. The judgment set the supersedeas bond amount at $9,700 and provided that, unless appellant posted a supersedeas bond in the amount of $9,700 within 10 days of the date the judgment (which was signed on July 9, 2026),

a writ of possession might issue. There is no indication that appellant posted a supersedeas bond in the amount set by the trial court within 10 days of the date the trial court signed the judgment.

Appellant has filed an emergency motion, asking that we lower the amount of the supersedeas bond to a reasonable or nominal amount; he emphasizes his financial situation. We construe appellant's emergency motion to lower the supersedeas amount to be a motion to review supersedeas pursuant to Texas Rule of Appellate Procedure 24.4. Appellant provides no other information and the remainder of the motion appears to challenge the merits of the trial court's ruling.

Generally, a trial judge possesses broad discretion in determining the amount and type of security required to suspend enforcement of the judgment pending appeal. *See Hibernia Energy III, LLC v. Ferae Naturae, LLC*, 668 S.W.3d 771, 774 (Tex. App.—El Paso 2022, no pet.). In reviewing the trial court's ruling, we consider the information presented to the trial court on which it exercised its discretion and whether the trial court abused its discretion. *See id.*

Texas Property Code section 24.007 provides that a judgment of a county court in an eviction suit may not be stayed pending appeal unless appellant files within 10 days of the signing of the judgment a supersedeas bond in the amount set by the trial court. *See* TEX. PROP. CODE § 24.007. The statute provides guidance for setting the amount of supersedeas: it requires the court to consider the value of rents

2

that might accrue during appeal, damages that might occur during appeal, and other damages or amounts the trial court may deem appropriate. *See id.* ("In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.").

A judgment creditor has a statutory right to execute on a judgment pending appeal unless and until a valid supersedeas bond is filed. *See Tex. Employers' Ins. Assoc. v. Engelke*, 790 S.W.2d 93, 95 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). The fact that a judgment debtor is financially unable to file such bond does not change this statutory right. *See id.*

Appellant filed a statement of inability to afford payment of court costs, both in the trial court and in this Court. However, under Texas law, "[a] defendant's indigence does not relieve her [or him] of the obligation to file a supersedeas bond." *Johnson v. Freo Texas LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *2 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.). Indigence is not a "pass" of the requirement to post a supersedeas bond in an appeal from a forcible detainer suit. *See Morse v. Fed. Nat'l Mortgage Ass'n*, No. 05-18-00999-CV, 2018 WL 4784585, at *2 (Tex. App.—Dallas Oct. 4, 2018, no pet.) (mem. op.).

A party may seek review of the trial court's order by filing a motion asking the appellate court to lower or increase the amount of the supersedeas bond. *See* TEX. R. APP. P. 24.4(d). Appellant complains that the amount of supersedeas is excessive, but he provides no proof that the amount set is unreasonable given that the trial court must consider the value of rents that might accrue during appeal or damages that might occur during appeal. *See* TEX. PROP. CODE ANN. § 24.007. Appellant only asks that we consider his statement of inability.

On this record, we conclude that appellant has not established an abuse of discretion by the trial court. Appellant presented no change in conditions. The clerk's record shows that the trial court had before it the amount of rent for the premises, from which it could estimate the amount of rent that might accrue while the appeal was pending. The trial court also had before it appellant's proof of his financial situation and his attempts to obtain financial assistance. By merely asserting in his emergency motion that he filed a statement of inability, appellant has not established that the trial court's supersedeas ruling was excessive or an abuse of discretion. *See In re Callier*, No. 12-24-00076-CV, 2024 WL 2197241, at *5 (Tex. App.—Tyler May 15, 2024, orig. proceeding) (mem. op.) (in considering appeal from trial court's refusal to lower supersedeas bond, appellate court considered information before trial court concerning estimated market value of property and estimated rental value, as well as relators' financial situation, and concluded that no

4

abuse of discretion was shown in trial court's order of supersedeas bond in amount of $7,500).

Accordingly, we deny appellant's motion to lower the amount of supersedeas bond.

**PER CURIAM**

Panel consists of Justices Caughey, Johnson, and Dokupil.